THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM LEWIS and MICHAEL, CRISPIN | ) ) ) |
| Plaintiff, | ) ) |
| | ) C. A. No. |
| v. | ) ) |
| THE UNIVERSITY AND WHIST CLUB OF WILMINGTON, a Delaware corporation, and JOHN HYNANSKY, in his individual capacity, | ) ) ) ) ) ) JURY TRIAL DEMANDED |
| | ) ) |
| Defendants. | ) |

## **COMPLAINT**

### *Parties*

1. Plaintiff William Lewis ("Plaintiff Lewis") resides at 409 Junction St., Elsmere, DE 19805.

2. Plaintiff Michael Crispin ("Plaintiff Crispin") resides at 109 Hayman Place, Wilmington, DE 19803.

3. The University and Whist Club of Wilmington ("Club"), is, and was at all times relevant to this Complaint, a Delaware corporation with its principal place of business at 805 N. Broom St., Wilmington, DE 19806 and acts as its own

registered agent and is subject to service of process at its principal place of business.

4. John Hynansky ("Hynansky") is sued in his individual capacity. At all times relevant to this Complaint, Hynansky was the only owner and/or only shareholder of the Club, and is subject to service of process at the Club's principal place of business, the Club and Hynansky are collectively referred to as "Defendants".

## *Nature of Action and Jurisdiction*

5. This Complaint is based upon Plaintiff's claim for wages due and additional damages arising out of his employment with Defendants and violations of the minimum wage provisions of the Fair Labor Standards Act. The work for which the damages are sought was performed by Plaintiff primarily within Delaware.

6. This Court has jurisdiction over this cause of action pursuant to §§ 206 and 216(b) of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 *et. seq.*, and 28 U.S.C. §1331. The jurisdiction of the Court is invoked to secure protection and redress deprivation of rights secured by federal and state law which requires employers to compensate its employees for their labors. This Court also has jurisdiction over Plaintiff's claim made under the Delaware Wage

Payment and Collection Act, 19 *Del. C.* § 1101 *et seq.*, by virtue of 28 U.S.C. § 1367.

7.  Venue is proper in this Court pursuant to 29 U.S.C. §1132 and 28 U.S.C. §1391(b).

## *Factual Background*

8.  Plaintiff Lewis' job title was the Food and Beverage Manager at the Club from September 2017 until August 24, 2020 when he received the promotional title Assistant General Manager. Plaintiff received no increase in salary despite his "promotion".

9.  As Food and Beverage Manager, up until March 2020, Plaintiff's job duties included, but were not limited to: hiring, staffing, monitoring hours, daily maintenance of club, closing out banquet event orders, chits, reconstructing and renewing contracts, phone, cable, quadient, electric, linen, trash, banquet manager, bank deposits.

10. Plaintiff Lewis' salary was approximately $55,800 per year.

11. Plaintiff Crispin's job title was Vice President/General Manager at the Club from July 2017 until August 31, 2020.

12. On March 13, 2020 Hynansky notified the Club's employees that the club would close due to the COVID 19 pandemic.

3

13.　On or about March 16, 2020 Hynansky told Plaintiffs to file for unemployment compensation benefits.

14.　On or about March 16, 2020 Hynansky told Plaintiff Crispin, due to his job responsibilities as Vice President/General Manager, that he had to also inform all other employees that they needed to file for unemployment compensation benefits.

15.　On or about that same date, Hynansky also told both Plaintiffs they were required to continue working at the Club to maintain its daily operations.

16.　Hynansky stated that Plaintiffs would receive no compensation for the hours he was to work. Although assured that he would make up the difference upon his return from the Ukraine.

17.　From mid-March to the end of April 2020, Plaintiffs worked at the club for 2 – 8 hours per day, approximately 6 days a week, with no compensation from the Defendants.

18.　During that time, Plaintiff Lewis performed administrative and clerical tasks pertaining to COVID 19 policies and procedures.

19.　During that time, Plaintiff Crispin's work duties included reviewing and approving all banquet contracts with his signature and date; signing all checks to vendors; processing and depositing all check; posting cash and checks from

events and banquets deposits; posting all member checks to their account through Jonas System; creating all member monthly statements in Jonas System; sending each member their monthly statements through email; charging member credit cards each month for their monthly charges and dues; reviews all outstanding AR's and followed with members and clients for updates on payment status'; going to store a few times a week to make food purchase; preparing and cooking food; holding membership Zoom meetings; sending various financial documents to Mr. Hynansky; closing out each month financially; approving and signing off on each and every invoice; purchasing plants and trees and rented equipment to plant throughout the property; responding to all member emails and phone calls; responding to all employee emails and phone calls; approving and costing out each item on the fall menu; completing all unemployment claims for every employee both former and current.

20. On May 1, 2020 the Club decided to make carry out/take out and package sales.

21. Despite these sales, Plaintiffs and other employees were not compensated for their work by Defendants.

22. On May 15, 2020, Hynansky decided to start accepting takeout orders for members, every Friday.

23. On May 26, 2020, Hynansky decided to open the Club every Wednesday to members for lunch and dinner starting on June 3, 2020.

24. In early May 2020, some club members discovered that Defendants were not compensating Plaintiff or his coworkers and decided to donate money to a charitable fund for the managerial staff.

25. Defendants withheld these charitable donations from Plaintiff and his co-workers for several months.

26. On or about August 1, 2020, Plaintiff Crispin put in his 30-day notice that he would be leaving his position.

27. At or around August 28, 2020 Plaintiff Crispin informed Plaintiff Lewis that the member donation poll reached $38,950 which would be dispersed between management Michael Crispin (GM), Stacey Inglis (Marketing Manager) William Lewis (Food & Beverage Manager) Nate Adjey (Executive Chef) and Stephen Seth (Sous Chef).

28. Plaintiff Crispin further disclosed to Plaintiff Lewis that John Hynananky would pay 75% of the manger salary, "Would make it right for the managers' due diligence for the last 6 months" upon his return from the Ukraine where he was quarantined from March through August 2020.

6

29. During this time Plaintiff Crispin and Lewis had a discussion detailing the numerous managerial roles Lewis performed from March to August which he should be compensated. The duties are as follows (please note they consists of Lewis' Food & Beverage responsibilities in conjunction with other Managerial duties who were not present during the months of March- September 2020):

a) **Food & Beverage Manager,** hiring, staffing, monitoring hours, daily maintenance of club, closing out banquet event orders, chits, reconstructing and renewing contracts, phone, cable, quadient, electric, linen, trash, banquet manager, bank deposits.

b) **AM Dining Room Manager**. reservations, opening and closing call, retrieving messages via telephone or email.

c) **Beverage Manager,** package sales, ordering all non- alcoholic beverages, beer, wine & spirits distributing package sales and inventory.

d) **Wedding Meeting and Social Events Coordinator**, wedding tours booking events, and meeting with potential clients.

e) **(Unofficial) Facility Manager**, maintenance, repair, roof, vehicle, grounds for the entire property.

30. On August 24, 2020, employees returned to payroll status.

31. On August 26, 2020, Plaintiff Lewis was officially promoted to Assistant General Manager and Stacey Inglis was promoted to General Manager.

32. On September 1, 2020, Plaintiff Lewis met with John Hynasky who informed him that he would not receive additional salary for new role as Assistant and General Manager. Hynasky advised they would discuss possible compensation in 6 months. Per Hynansky, "I need to know you and Stacy can run the club."

33. When Plaintiff Lewis asked why he was not given the General Manager position John Hyansky responded, "She can't work for you (black man) but you can work under her (white woman).

34. On September 2, 2020 Stacey and Plaintiff Lewis had a conversation where it was revealed Stacey knew the details of the previous day's conversation with John Hynansky. She disclosed that she did not trust Lewis, Crispin was gone, and things needed to change.

35. On September 2, 2020 Plaintiff Lewis was informed the original payout by Michael Crispin was abandoned, new disbursement allocation was at the direction of Stacey Inglis.

36. On September 3, 2020 the Employee Disbursement Fund was disbursed to the employees, conducted through University of Whist payroll thus requiring applicable taxes.

## COUNT 1
### *Violation of Delaware Wage Payment and Collection Act*

37. Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 36.

38. Defendants are employers within the meaning of 19 *Del. C.* §1113(a)(3).

39. Plaintiffs are employees within the meaning of 19 *Del. C.* §1113(a)(4).

40. Defendants willfully and in bad faith failed to pay Plaintiffs wages due in violation of 19 *Del. C.* §§1101, 1107 and 1109.  Plaintiffs are entitled to payment of these wages, liquidated damages in an amount equal to these wages, attorney's fees, costs of prosecution and the costs of this action pursuant to 19 *Del. C.* §1113(c).

## COUNT II
### *Violation of the Fair Labor Standards Act, Minimum Wage Provision*

41. Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 40.

42. Defendants are employers within 29. U.S.C. § 203(d).

43. Defendants employed Plaintiffs within the meaning of 29 U.S.C. § 203(g).

44. Defendants willfully violated 29 U.S.C. § 206 by failing to pay Plaintiff's wages for hours worked during Plaintiff's employment with Defendant.

45. Plaintiffs job duties did not exempt them from the minimum wage provision of the Fair Labor Standards Act.

46. At all relevant times, Defendants employed Plaintiffs within the meaning of the Fair Labor Standards Act.

47. At all relevant times Defendants engaged in a willful policy, pattern or practice of requiring or permitting Plaintiff to work hours without paying him the minimum wage.

48. Further, Defendants willfully failed to record, report, credit, keep, and preserve records to determine the wages, hours and other conditions and practices of employment therefore violating 29 U.S.C. §§ 211(c) and 215(a).

49. As a result of the aforementioned violations, Defendants damaged Plaintiff's in amounts to be determined according to proof at time of trial.

## COUNT III
### *Breach of Contract*

50. Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 49.

51. Plaintiffs and Defendants entered into a valid binding contract.

52. Defendants agreed to pay Plaintiffs fairly for their continued employment with Defendants.

53. Plaintiffs provided consideration in the form of performing work for Defendants.

54. Defendants breached the contract by willfully failing to perform under the contract.

55. Plaintiffs did not receive the benefit of their bargain under the contract.

56. Plaintiffs have been damaged financially by Defendants' failure to perform under the contract in terms of lost monetary payments.

57. Defendants inducement of Plaintiffs to continue to engage in providing work and services to Defendants without compensation was willful and/or malicious.

58. Defendants failure to perform under the contract was willful and malicious.

### COUNT IV
### *Promissory Estoppel*

59. Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 58.

60. Defendants promised to pay Plaintiffs in the form of fair wages.

61. Defendants induced Plaintiffs to continue working and performing services on Defendants' behalf in expectation of receiving the payments in the form of fair wages.

62. Defendants should have reasonably expected that Plaintiffs actions would be so induced.

63. Plaintiffs detrimentally relied upon Defendants promise to pay Plaintiffs payments in the form of fair wages.

64. Defendants willfully and/or maliciously failed to pay Plaintiffs.

65. Justice requires that Defendants perform pursuant to their promise.

## COUNT V
### *Quasi Contract*

66. Plaintiffs conferred a benefit to Defendants by working for Defendants without payment with an expectation of being compensated at a future date in the form of fair wages.

67. Plaintiffs had a reasonable expectation of being compensated under the promise by Defendants to so compensate Plaintiffs.

68. The benefits conferred by Plaintiffs to Defendants were at the express or implied request by Defendants.

69. Defendants have been unjustly enriched by the benefit conferred to them by Plaintiffs.

70. Defendants' inducement of Plaintiffs to continue working without payment and/or to sign a waiver of liability was willful and/or malicious.

71. Defendants' failure to perform under the contract was willful and malicious.

**WHEREFORE,** Plaintiffs respectfully requests that this Court enter judgment in their favor and award the following relief on his claim under the Delaware Wage Payment and Collection Act:

A. Judgment against Defendants in the amount of:

(1) unpaid wages due and owing to Plaintiffs;

(2) statutory liquidated damages pursuant to 19 *Del. C.* §1113(b);

B. Other compensatory damages for pre-judgment interest, post-judgment interest and any other damages necessary to make Plaintiffs whole;

C. Reasonable attorney's fees and costs, including the costs of this litigation, pursuant to the Fair Labor Standards Act and/or the Delaware Wage Payment and Collection Act;

D. Punitive damages;

E. Interest accruing for each week that Defendants failed to compensate Plaintiff for time worked; and

F. Such other relief as the Court deems just and proper.

Additionally or Alternatively, Plaintiffs respectfully request that this Court enter judgment in their favor and award the following relief on his claim under the Minimum Wage Provisions of the Fair Labor Standards Act:

A.    Damages in the amount of the respective unpaid minimum wage for hours worked;

B.    liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b);

C.    reasonable attorney's fees and costs of this action as provided by the FLSA, 29 U.S.C. §216(b); and

D.    such other legal and equitable relief as the Court deems just and proper.

**The Poliquin Firm, LLC**

*/s/ Ronald G. Poliquin, Esq.*
Ronald G. Poliquin (No. 4447)
1475 S. Governors Ave.
Dover, DE 19904
302-702-5501
ron@poliquinfirm.com
*Attorney for Plaintiffs*

Dated: January 25, 2021